MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 17
Docket:       Som-18-217
Submitted
  On Briefs:  December 12, 2018
Decided:      January 29, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

SHERWOOD ASSOCIATES LP

v.

OLANIAN JACKSON

PER CURIAM

[¶1]  Olanian Jackson appeals from a judgment of the Superior Court (Somerset County, *Mullen, J.*) affirming a judgment entered in a District Court action for forcible entry and detainer (Skowhegan, *Benson, J.*) in favor of his landlord, Sherwood Associates LP.[1]  *See* 14 M.R.S. § 6008 (2017); M.R. Civ. P. 80D(f).  Jackson contends that because he has a certificate to use marijuana for medical purposes, Sherwood and the District Court were required to reasonably accommodate his condition and excuse multiple violations of his lease, some related to his possession and use of marijuana and some

---

[1]  The Superior Court also denied Jackson's request for a jury trial de novo.  Jackson does not challenge the denial of his request for a jury trial in this appeal.

independent of his possession and use of marijuana. We affirm the Superior Court judgment.

## I. CASE HISTORY

[¶2] We draw the following facts from the procedural history, the facts as found by the District Court, and the evidence viewed favorably to the judgment. *See United States Bank, N.A. v. Thomes*, 2013 ME 60, ¶ 2, 69 A.3d 411. Since 1997, Jackson has lived in an apartment in Fairfield Family Apartments in Fairfield. Fairfield Family Apartments is a federally funded affordable housing project subject to regulation by the United States Department of Housing and Urban Development. The project is owned by Sherwood Associates LP.[2]

[¶3] Jackson signed a lease renewal in 2014 that, by its terms, continued for successive terms of one year unless terminated. On December 15, 2016, Sherwood issued Jackson a ten-day notice to quit stating that Jackson's use and possession of marijuana violated the terms of the lease that prohibited unlawful

---

[2] At the time of the forcible entry and detainer hearing in the District Court, Sherwood owned Fairfield Family Apartments, but the property had been managed by a separate entity, Monroe Group, since September 2016. Sherwood's two witnesses were both employees of Monroe Group and one indicated that Monroe Group was in the process of purchasing the property with a tentative closing date of June 29, 2017. The record does not reflect whether the sale occurred or not. For simplicity, the plaintiff and its various agents will be referred to collectively as Sherwood.

activity in the apartment because "medical marijuana is illegal under federal law even if it is permitted under state law."

[¶4] Jackson submitted a request to Sherwood for a reasonable accommodation to use marijuana for medical purposes pursuant to the Maine Human Rights Act, 5 M.R.S. § 4582-A(2) (2017). In response to Jackson's request for accommodation, Sherwood halted the eviction process so that it could gather information and review the request. Sherwood ultimately denied the request in April 2017, explaining:

> [U]nder federal law marijuana is a controlled substance and possession or manufacture of marijuana is a violation of federal law. Fairfield Family Housing is an affordable housing complex that receives federal funds and is subject to oversight and frequent audits by the federal government. In the Landlord's view, a request for accommodation that results in a violation of federal law is *per se* unreasonable, and exposes the Landlord to potential liability and/or noncompliance with federal regulations.

[¶5] When it denied Jackson's request, Sherwood issued a thirty-day notice that it was terminating his lease. The notice stated that Jackson had violated the terms of the lease when he (1) used the apartment for unlawful purposes or engaged in unlawful activities in the unit by growing and possessing marijuana; (2) refused access to the bedroom in the apartment used as a marijuana grow room; (3) installed a lock on the bedroom without permission; (4) threatened physical harm to property staff seeking to inspect

the bedroom; (5) smoked marijuana in his apartment in violation of a no smoking policy; and (6) grew and possessed marijuana in violation of a zero tolerance drug policy.

[¶6] On June 12, 2017, Sherwood filed an FED complaint in the District Court. A hearing was held on June 16, 2017. Sherwood called two employee witnesses and Jackson to testify. Jackson, who was represented by a legal services attorney, also testified on his own behalf and called a tenant from a neighboring apartment to testify. After hearing closing arguments from each side, the court (*Benson, J.*) announced its decision, which included the following findings:

> There is a written lease which has been admitted into evidence, and I have reviewed the appropriate provisions of that lease, and I find that there has been credible evidence of more than one violation of the lease. One of the things the [c]ourt in this case has to do is to gauge the credibility of witnesses, and the [c]ourt finds that [Sherwood's witnesses] are simply more credible than Mr. Jackson and [his witness]. I find that Mr. Jackson has, in fact, refused access to the unit in violation of the lease. I find that he placed a lock on part of the unit without written permission, in violation of the lease, and I also find, based on the testimony of [a Sherwood witness], as well as the note on the door, that he has intimidated staff in violation of the lease. Further, I find—and perhaps this is the most important finding the [c]ourt makes—that Mr. Jackson has possessed marijuana in the unit in violation of the lease and of federal law.
>
> I find over objection, that the notice to quit is legally sufficient. It provides at least 30 days' notice, and I also find that

there is no evidence of retaliation or of discriminatory practices on the part of the landlord. There was some evidence of an unsafe or unfit housing defense concerning the fire alarms, but I do not find that credible. For all of those reasons, I'm entering a judgment for the landlord, and the writ will issue in seven days.

A written judgment was entered the same day granting possession of the apartment to Sherwood.

[¶7] Jackson, personally and not through counsel who had represented him at the hearing, appealed to the Superior Court. *See* M.R. Civ. P. 80D(f)(1)-(2). He requested a jury trial de novo and, among other things, filed a supporting affidavit. *See* M.R. Civ. P. 80D(f)(2). At the same time, Jackson filed a motion to stay the issuance of a writ of possession. *See* 14 M.R.S. § 6008(2) (2017); M.R. Civ. P. 80D(j)(2). After receiving a response from Sherwood, the court (*Mullen, J.*) granted the stay on July 13, 2017. Following a significant delay for the preparation of the transcript of the District Court hearing, a telephone conference was held in March 2018. The court then ordered the parties to brief the issue of whether Jackson was entitled to a jury trial.

[¶8] After the court received the briefs, it affirmed the District Court judgment pursuant to M.R. Civ. P. 80D(f)(1), (5), having determined that Jackson's affidavit did not raise a genuine issue of material fact that would entitle him to a jury trial and that he had not properly raised any errors of law.

Jackson filed a motion to reconsider along with several purported "amendments," which the court denied. Jackson filed another document after the denial, prompting the Superior Court to issue another order stating that its denial stood. Represented by new counsel, Jackson brought this appeal.

## II. LEGAL ANALYSIS

A. Sufficiency of Evidence to Support the FED Judgment

[¶9]    Jackson asserts that the District Court "erred in finding [Sherwood]'s witnesses credible" and that the evidence at the FED hearing failed to establish cause for an eviction. "We defer to the trial court's determination of witnesses' credibility and its resolution of conflicts in testimony." *Gordon v. Cheskin*, 2013 ME 113, ¶ 12, 82 A.3d 1221. Additionally, because Jackson did not file a motion for findings of fact pursuant to M.R. Civ. P. 52(b), "we will infer that the trial court made any factual inferences needed to support its ultimate conclusion." *Pelletier v. Pelletier*, 2012 ME 15, ¶ 20, 36 A.3d 903. The record reflects that Sherwood acted properly under the terms of the lease and the FED statutes, *see generally* 14 M.R.S. §§ 6001-6016 (2017), to terminate the lease, and that the District Court's findings, quoted above, are supported by the record evidence.

B.      Application of the Law to Termination of the Lease

[¶10]   In a somewhat confusing brief, Jackson argues, in turn, that (1) Sherwood's notice to quit did not provide him proper notice of all the reasons for the termination of his lease; (2) contrary to Sherwood's contentions, he had allowed his apartment to be inspected; (3) at the time Sherwood served him with a notice to quit, he no longer had marijuana in his apartment; (4) the lease did not prohibit the use of marijuana because such use was legal under Maine law and he had a valid certificate for it; (5) the no smoking policy failed to define 'smoke' or 'smoking' "leading a reasonable tenant to conclude that it applied to tobacco smoke only"; and (6) to the extent that the lease did prohibit the use of marijuana by someone with a valid certificate, the lease violated the United States Housing Act.

[¶11]  "When the Superior Court acts in its appellate capacity, we review the decision of the District Court directly for abuse of discretion, errors of law, or findings not supported by the evidence." *Lyle v. Mangar*, 2011 ME 129, ¶ 11, 36 A.3d 867.  We review the court's legal conclusions de novo, *see Carrier v. Sec'y of State*, 2012 ME 142, ¶ 12, 60 A.3d 1241, and review the court's factual findings for clear error, *Zablotny v. State Bd. of Nursing*, 2017 ME 29, ¶ 18, 156 A.3d 126.

1.    Notice to Quit

[¶12] Jackson's argument that Sherwood's notice to quit did not properly inform him of the reasons his lease was being terminated appears to be premised on an unrelated and therefore irrelevant notice that was issued to tenants of a different Fairfield Family apartment.  Sherwood avers that it produced that unrelated notice in response to a separate discrimination claim Jackson filed with the Maine Human Rights Commission to demonstrate that Sherwood's marijuana regulations had been enforced against other tenants.  It is part of the record on this appeal only because Jackson appended it to one of his "amendments" to his motion to reconsider in the Superior Court.

[¶13]  The notice actually given to Jackson lists all the grounds upon which Sherwood terminated his lease.  Jackson's arguments regarding proper notice are therefore without merit.

2.    Violations Independent of Marijuana Use or Possession

[¶14]  Sherwood was entitled to terminate Jackson's tenancy for "material noncompliance" with the terms of the lease.  The lease defines material noncompliance as one or more substantial violations of the lease, or repeated minor violations that negatively affect the housing project, its tenants, and its management.  With support in the record, the District Court found three

violations of the lease independent from Jackson's use or possession of marijuana.

[¶15]  The court found that Jackson had denied access to his apartment in violation of his lease, which authorized the landlord "to enter the unit for the purpose of making reasonable repairs and periodic inspections."  Employees of the property management company for Fairfield Family Apartments testified that they had been refused entry to Jackson's apartment "several times," that inspectors had been denied access to a bedroom Jackson used as a grow room in the apartment, and that one inspector threatened to stop a required inspection because of Jackson's lack of cooperation.  The court found the employees' testimony more credible than Jackson's contrary testimony on these issues.

[¶16]  The court also found that Jackson had installed a lock on his grow room in violation of the lease, which prohibited "[a]ny alteration, addition, and/or replacement of a lock . . . without written consent of Management."[3]  An employee testified that her management company had not given permission for

---

[3] This provision, cited by Sherwood in its notice to quit, actually comes from a separate document entitled "Stanford Management House Rules," which was incorporated into the lease by reference. The lease itself contains a nearly identical provision.

the lock to be installed and no written permission appeared in the file from the previous management company.

[¶17] Additionally, the court found that Jackson had intimidated staff in violation of the lease, which prohibited acts "of intimidation, retaliation, harassment, verbal abuse, physical threat of violence or social misconduct of, or to, any employee."[4] The management company employees testified that they felt intimidated by Jackson because of a threatening voicemail he left for one of them and a sign on his grow room door that said "No one may enter this room! . . . . Trespassers will be shot! Survivors shot again!"[5] Jackson denied threatening the employees, but acknowledged that his voicemail message was "hyper," and that people could feel threatened by his sign even though he insisted that it was a joke.

[¶18] Thus, the District Court supportably found that Jackson violated his lease in three ways that were independent from his possession of marijuana. Because these violations, standing alone, justified Sherwood's termination of the lease and support the District Court's judgment granting Sherwood

---

[4] This provision also comes from the house rules.

[5] Jackson's suggestion that he had a firearm to protect his grow room could constitute an admission to a Class B felony if he possessed more than one pound of marijuana. *See* 17-A M.R.S. § 1105-A(1)(C-1)(4) (2017).

possession of the apartment, we need not reach Jackson's remaining arguments or analyze whether federal law has a preemptive effect on Maine's medical marijuana laws.

The entry is:

Judgment affirmed.

---

Jed Davis, Esq., Jim Mitchell and Jed Davis, P.A., Augusta, for appellant Olanian Jackson

Aaron K. Baltes, Esq., Norman, Hanson & Detroy, LLC, Portland, for appellee Sherwood Associates LP

Somerset County Superior Court docket number AP-2017-03
FOR CLERK REFERENCE ONLY